# In the United States Court of Federal Claims

LISA RICHARDSON-HENDERSON
TRUST,

             Plaintiff,

             v.

THE UNITED STATES,

             Defendant.

No. 23-cv-1896

Filed: August 6, 2024

*Lisa Richardson-Henderson Trust*, Columbia, Maryland, Plaintiff, appearing *pro se*.

*Isabelle Aubrun*, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, D.C., appearing for Defendant.

## **ORDER**

On October 25, 2023, Plaintiff Lisa Richardson-Henderson Trust,[1] appearing *pro se*, filed

a Complaint alleging a myriad of claims, including: Privacy Act violations, judicial and

prosecutorial errors and misconduct, attempted criminal theft and conspiracy, deprivation of rights,

---

[1] A trust cannot be represented *pro se*.  Rules of the United States Court of Federal Claims (Rule) 83.1(a)(3); *see Williams v. United States*, 482 F. App'x 580, 582 (Fed. Cir. 2012).  Plaintiff refers to herself as "Lisa: Richardson-Henderson," or as an "agent" of the Lisa Richardson-Henderson Estate.  *See, e.g.*, Complaint (ECF No. 1) (Compl.) at 2, 3; Plaintiff's Motion Rebutting Defendant's Reply in Support of Its Motion to Dismiss (ECF No. 15) (Pl. Sur-Reply) at 1.  She provides documents purporting to establish a "trust" that she appears to intend to be "legally treated as a human being" for her benefit.  Lisa Richardson-Henderson Estate Executive Notice (ECF No. 7) (Estate Notice) at 24; *see also* Compl., Ex. 12, Common Law Copyright Notice (ECF No. 1-2) (Copyright Notice) at 73–74.  The Court construes her statements as an assertion of sovereign citizenship.  *See* Plaintiff's Motion Rebutting Defendant's Motion to Dismiss for Lack of Jurisdiction (ECF No. 11) (Response or Pl. Resp.) at 1 ("Plaintiff is a Non- U.S. [sic] Citizen an American National, natural sentient woman[.]"); *see also* Compl., Ex. 11, Affidavit of Reservation of Rights UCC 1-308/1-207 (Affidavit) at 66.  The Court liberally construes Plaintiff to be asserting claims and seeking recovery in her personal capacity and addresses those claims.

lack of jurisdiction to enforce a lien, breach of contract, and copyright infringement.  Compl. at 1–2;[2]  Pl. Resp. at 3; Pl. Sur-Reply[3] at 3–4.  Plaintiff seeks redress for the financial and mental burdens "to combat the False Claim," regarding a contract dispute between Plaintiff and a home improvement company.  Compl. at 3; *id.*, Ex. 1, Falsified – Complaint To Establish & Enforce Mechanics Lien & Other Relief (ECF No. 1-2) (Showcase Home Improvements Compl.) at 2–11.  Specifically, Plaintiff seeks payment of $5 million in compensatory and punitive damages.  Compl. at 3.  Defendant moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1), contending the Court lacks subject matter jurisdiction over Plaintiff's claims.  Defendant's Motion to Dismiss for Lack of Jurisdiction (ECF No. 10) at 1.  For the reasons discussed below, Defendant's Motion to Dismiss is **GRANTED**.

## **BACKGROUND**

On August 11, 2022, Showcase Home Improvements, Inc. (Showcase) sued Plaintiff for refusing to pay Showcase's invoices for "fire damage restoration and repair labor, equipment, materials and supervision."  Showcase Home Improvements Compl. at 2–3, 6.  This initial contract dispute subsequently developed into several related disputes.  Compl., Ex. 9, Orders Circuit & NC Bankruptcy Courts (ECF No. 1-2) (Circuit and Bankruptcy Orders) at 47–51, 53–56, 58–61; *id.*, Ex. 10, Affidavit of Notary Presentment Certification Notice to the Clerk, The Appellate Court of Maryland (ECF No. 1-2) (Notice to Clerk) at 63–64.

Although Plaintiff's Complaint and various attachments are difficult to discern, the background of the dispute appears to be as follows.  First, it appears that Plaintiff provided the

---

[2] Citations throughout this Memorandum and Order reference the ECF-assigned page numbers, which do not always correspond to the pagination within the document.

[3] This document was received on February 4, 2024, and filed by leave of this Court on February 6, 2024.  *See* ECF No. 14.

Office of the State's Attorney for Howard County with information requesting an investigation of Showcase, Kenneth Ferber, and Delores Ferber.  *See* Compl., Ex. 8, Violations by the State's Attorney's for Howard County Maryland (ECF No. 1-2) (State's Attorney Documents) at 40.  On February 21, 2023, the Office of the State's Attorney for Howard County informed Plaintiff that it had reviewed the materials she supplied and concluded that further prosecution or investigation was not warranted.  *Id.*

On April 4, 2023, the Circuit Court for Howard County entered judgment ordering the sale of Plaintiff's real property unless Plaintiff paid the amount of a mechanic's lien plus interest by May 4, 2023.  Circuit and Bankruptcy Orders at 49.  Subsequently, it appears that at some point prior to April 12, 2023, Plaintiff filed for bankruptcy.  *Id.* at 55.  On April 12, 2023, the United States Bankruptcy Court for the Middle District of North Carolina, Greensboro Division issued an order for expedited hearing.  *Id.* at 53–55.  Within its order, the Bankruptcy Court noted concerns that the property at issue "appear[ed] to be Debtor's residence, which became property of the bankruptcy estate."  *Id.* at 54.  On May 16, 2023, Plaintiff hand delivered documents purporting to be secondary evidence to the Bankruptcy Court, which the Bankruptcy Court returned because the debtor's plan had reached the maximum period permitted by statute and could not be modified.  *Id.* at 58–59.  Finally, on October 20, 2023, Plaintiff sent a letter to the Clerk of Court for the Appellate Court of Maryland, alleging that the clerk was in violation of her official duty and was illegally aiding and abetting criminal activities by returning documents, stamped received on September 11, 2023, instead of filing them.  Notice to Clerk at 64; *see* Circuit and Bankruptcy Orders at 58–59 (noting the court found it appropriate to take no action in response to the documents and to return the documents, but also ordering filing of a redacted copy on the docket as a miscellaneous document).

Plaintiff appears to seek redress for the issues that resulted from her underlying contract dispute with Showcase, and subsequent judicial determinations.  *See* Compl. at 1–3; Circuit and Bankruptcy Orders at 47–51, 53–56, 58–61; Notice to Clerk at 63–64.  Though her Complaint caption lists "the United States" as the defendant, using a pre-populated form, the substance of Plaintiff's Complaint does not list the United States as a defendant.  It instead lists several state and county entities as parties, including "The State of Maryland and The State of North Carolina," and the:

    a.  Circuit Court for Howard County Maryland
    b.  Howard County States Attorney's Office
    c.  Clerk of the Circuit Court for Howard County
    d.  North Carolina [B]ankruptcy Court of the Middle District (Greensboro)
    e.  Clerk of the [North Carolina] Bankruptcy Court of the Middle District (Greensboro)
    f.  Clerk of the Appellate Court of Maryland

Compl. at 1.  Plaintiff asserts as jurisdictional grounds: "the taking of Private Property for failure to provide Personal Identifiable Information [(PII)] (i.e., banking accounts, financial information, email passwords) to criminals which is a violating [sic] of the Privacy Act 1964 [sic]."  *Id.*  Plaintiff asserts the following claims:

- Failure to identify a false claim and note the case was subject to Chapter 13 Bankruptcy Laws in the initial filing in August 29, 2022, and the "false" Affidavit signed July 13th 2022 in the Mechanics Lien held on October 5, 2022.

- Failure to note contract was altered from its original amount of $45,423.04 to $136,585.05.

- Failure of the States Attorney's Office to prosecute criminal charges for altering a signed contract without the consent of both parties enabling criminal activity to proceed by allowing a criminal to filing [sic] a false claim in an attempt to steal Plaintiff's property in excess of $350,000.

- Aiding and abetting [sic] an organized criminal activity to steal real property from Plaintiff against the RICO Act of 1970.

- Bias and prejudice of Judges (inability to be fair & utilize prima facia evidence); Abuse of position; Failure to follow the laws related to the Privacy Act and Failure to protect property covered by the Chapter 13 Bankruptcy Rules, Regulations and Laws U.S.C. Section 362.

- Judicial Misconduct.  The Judge stated "I'm going to make sure you can't use your evidence, [sic] which means he knew my evidence was damaging to the other party.

- Plaintiff has been deprived her [sic] rights under the Color of Law Title 18 U.S.C. Sections 241-242.  Numerous violations: 28 U.S.C. Sec. 144; Privacy Act 1964; U.S.C. Sec. 362.

*Id.* at 2 (bullet points added).

Accordingly, Plaintiff requests $5,000,000.00 in total damages, comprised of $300,000.00 in compensatory damages and $4,700,000.00 in punitive damages.  *Id.* at 3.  In support of the requested relief, Plaintiff states: "Plaintiff loss [sic] her income $85K due to stress, mental anguish and financial Burdens to combat the False Claim; spouse was hospitalized three times over the past year; car repairs in NC $2,500 plus hotel & rental car fees while attempting to be present in Court in NC." *Id.*  In a subsequent filing, Plaintiff further demands an injunction for the release

of "James-Donale: Nickens Jr," and cancellation of "all bonds, securities, promissory notes, trades, etc. against the estate."[4]  Notice of Filing Complaint Signature Page (ECF No. 9) at 1.[5]

Additionally, as Plaintiff is proceeding *pro se*, this Court addresses four other claims that Plaintiff appears to assert via her Response and Sur-Reply, opposing Defendant's Motion to Dismiss, despite that Plaintiff raised such claims for the first time in briefing rather than in her Complaint.  *First*, Plaintiff claims lack of jurisdiction over her, as a purported "Non-U.S. Citizen an "American National."  Pl. Resp. at 2.  This Court construes this as a claim of sovereign

---

[4] The only other references to Mr. Nickens in Plaintiff's filings appear in emails with Showcase regarding an estimate for mold mitigation, and in a Public Servant Questionnaire.  *See* Compl., Ex. 6, Cancellation of 1ˢᵗ Contract (ECF No. 1-2) (Emails) at 31–34; Pl. Resp. at 5 ("This questionnaire must be filled-out by any public servant before s/he can ask any question of James-Donale: Nickens Jr . . . .").  While a *pro se* plaintiff may "represent . . . a member of one's immediate family," Mr. Nickens is not a named plaintiff in this action.  Rule 83.1(a)(3); *see Williams*, 482 F. App'x at 582.  Though Plaintiff's exhibit states that Mr. Nickens is Plaintiff's son, *see* Emails at 31, she has not added Mr. Nickens to this action, and accordingly, she may not assert claims on his behalf here.  *See Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) (quoting *Warth v. Deldin*, 422 U.S. 490, 500 (1975)) ("[A] party 'generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."); *Saladino v. United States*, 63 Fed. Cl. 754, 758 (2005) (explaining that a *pro se* plaintiff does not have standing to assert claims of nonparties in this Court); *Johnson v. United States*, No. 06-90C, 2006 WL 5639256, at *1 n.1 (Fed. Cl. June 13, 2006) (precluding a plaintiff from including "unnamed" family members as plaintiffs).

Further, this Court lacks any knowledge of Mr. Nickens' current disposition, and it lacks jurisdiction to grant such relief as it construes the demand.  To the extent Plaintiff is requesting Mr. Nickens' release from incarceration, this Court lacks jurisdiction to "review and overturn convictions or to review in detail the facts surrounding a conviction or imprisonment."  *Zakiya v. United States*, 79 Fed. Cl. 231, 234–35 (2007); *see also Carter v. United States*, 228 Ct. Cl. 898, 900 (1981); *Dethlefs v. United States*, 60 Fed. Cl. 810, 814 (2004) (citing *Lucas v. United States*, 228 Ct. Cl. 862, 863 (1981)) ("The unjust conviction statutory scheme, however, is very limited in its reach and has several requirements with which the plaintiff must strictly comply in order to recover damages.").  To the extent Plaintiff is asserting a "sovereign citizen" type of claim seeking to release Mr. Nickens from any debts currently held, this Court similarly lacks jurisdiction to adjudicate such a claim.  *See infra* Section III(D).

[5] This document was received by the Clerk of Court on December 19, 2023, and filed by leave of this Court on December 20, 2023.  *See* ECF No. 8.

citizenship intended to avoid the lien against Plaintiff.  *Second*, Plaintiff claims a breach of contract between the United States and herself.  Pl. Sur-Reply at 3–4.  *Third*, this Court construes Plaintiff's claims of unfair, unequal, or biased treatment as Constitutional claims asserted under the Due Process Clauses of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment.  *See* Compl. at 2; Pl. Resp. at 2; Pl. Sur-Reply at 4.  *Finally*, Plaintiff claims improper use of a copyrighted name by Defendant in its Motion to Dismiss briefing.  Pl. Resp. at 3.

## APPLICABLE LEGAL STANDARD

The Tucker Act, 28 U.S.C. § 1491, provides this Court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, . . . or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1).  The Tucker Act serves as a waiver of sovereign immunity for "certain claims for monetary relief against the United States" but does not create a right to relief itself.  *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014); *see United States v. Mitchell*, 463 U.S. 206, 212, 218 (1983).  Instead, to establish a right of relief under the Tucker Act, a "substantive right must be found in some other source of law."  *Mitchell*, 463 U.S. at 216; *see Todd v. United States*, 386 F.3d 1091, 1093–94 (Fed. Cir. 2004) (citing *United States v. Testan*, 424 U.S. 392, 398 (1976)).  The constitutional, statutory, or regulatory provision must be "fairly . . . interpreted as mandating compensation by the Federal Government for the damage sustained."  *Testan*, 424 U.S. at 400 (internal quotations omitted) (quoting *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967)).  Additionally, this Court's jurisdiction only extends to suits against the United States; as such, any suits against non-federal entities and

individual federal officials fall squarely outside of this Court's jurisdiction.  *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) (The Court's jurisdiction does not provide for relief "against others than the United States"): *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials.").

The Court of Federal Claims "does not have jurisdiction to review the decisions of state courts, federal bankruptcy courts, federal district courts, or federal circuit courts of appeals." *Mora v. United States*, 118 Fed. Cl. 713, 716 (2014); *see Ivaldy v. United States*, 655 F. App'x 813, 815 (Fed. Cir. 2016); *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011); *Campbell v. United States*, 932 F.3d 1331, 1340 (Fed. Cir. 2019).  The Court further lacks jurisdiction over actions against the clerks of those courts.  *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (emphasis added) ("[T]o the extent that [plaintiff] is seeking it, the Court of Federal Claims does not have jurisdiction to review the decisions of district courts *or the clerks of district courts relating to proceedings before those courts*.").  Moreover, the "Court of Federal Claims cannot entertain a taking claim that requires the court to 'scrutinize the actions of' another tribunal." *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) (quoting *Allustiarte v. United States*, 256 F.3d 1349, 1352 (Fed. Cir. 2001)).

The Court of Federal Claims lacks "jurisdiction over criminal matters generally." *Jones*, 440 F. App'x at 918.  It is well established that this Court lacks jurisdiction over claims of criminal conduct and "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code." *Joshua*, 17 F.3d at 379.  The Court also lacks jurisdiction over tort claims.  28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction . . . in cases not sounding in tort."); *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993) ("It is well

settled that the United States Court of Federal Claims lacks . . . jurisdiction to entertain tort claims."). Further, the Court lacks jurisdiction over claims of redemption based on sovereign citizen-type arguments. *See Walby v. United States*, 957 F.3d 1295, 1297, 1302 (Fed. Cir. 2020); *Potter v. United States*, 161 Fed. Cl. 24, 29 (2022).[6]

Although this Court has "jurisdiction over express and implied-in-fact contract claims against the United States," *Stephens v. United States*, 165 Fed. Cl. 341, 347 (2023) (citing *City of El Centro v. United States*, 922 F.2d 816, 820 (Fed. Cir. 1990)), this Court lacks jurisdiction over such claims where plaintiffs fail to plausibly allege such a contract. *Starrett v. United States*, No. 2022-1555, 2023 WL 152827, at *4 (Fed. Cir. Jan. 11, 2023); *Stephens*, 165 Fed. Cl. at 347 (quoting *Starrett*, 2023 WL 152827, at *3–4). Constitutional provisions cannot be construed as offers to a contract. *See Clawson v. United States*, 24 Cl. Ct. 366, 370 (1991) (citing *Bennett v. Ky. Dep't of Educ.*, 470 U.S. 656, 669 (1985)) ("Where rights and obligations are prescribed by statute and regulation rather than determined through the mechanics of a bilateral exchange, there is no contract . . . ."); *Taylor v. United States*, 113 Fed. Cl. 171, 173 (2013) (noting that the Constitution cannot be a valid contract between a private citizen and the United States).

This Court is required to dismiss claims outside its limited subject matter jurisdiction. *See* Rule 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). When deciding a Rule 12(b)(1) motion to dismiss for lack of

---

[6] "Redemption" is claimed entitlement to alleged funds held in trust based on a sovereign citizen's belief that "all Citizens were 'pledged' as collateral for the national debt," thereby creating a "fictional 'public' person" in whose name the alleged trust is held. *See Potter*, 161 Fed. Cl. at 28 (citing *Rivera v. United States*, 105 Fed. Cl. 644, 646 (2012); Jessica K. Phillips, *Not All Pro Se Litigants Are Created Equally: Examining the Need for New Pro Se Litigant Classifications Through the Lens of the Sovereign Citizen Movement*, 29 GEO. J. LEGAL ETHICS 1221, 1226 (2016)); *id.* at 28–29 (citing *Ammon v. United States*, 142 Fed. Cl. 210, 216 (2019) (discussing a redemption claim based on an alleged "cestui que vie" trust account at the United States Treasury), *appeal dismissed*, No. 19-1759, 2019 WL 13131243 (Fed. Cir. June 21, 2019)).

subject matter jurisdiction, this Court "accepts as true all uncontroverted factual allegations in the complaint and construes them in the light most favorable to the plaintiff." *Estes Express Lines*, 739 F.3d at 692; *see also Banks v. United States*, 741 F.3d 1268, 1277 (Fed. Cir. 2014).

A motion to dismiss pursuant to Rule 12(b)(6) should be granted if the facts asserted do not entitle the plaintiff to a legal remedy. *See Welty v. United States*, 926 F.3d 1319, 1323 (Fed. Cir. 2019). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff also must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly,* 550 U.S. at 556). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (internal citations omitted).

In considering a motion to dismiss, this Court must liberally construe a complaint filed by a *pro se* litigant because *pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* plaintiffs must still demonstrate this Court's jurisdiction by a preponderance of the evidence. *See Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). While this Court allows ambiguities in *pro se* filings, it "does not excuse . . . failures" on the merits. *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

**DISCUSSION**

Plaintiff's claims fail even under the most liberal construction. *First*, this Court lacks jurisdiction over Plaintiff's Privacy Act claims, and to the extent these claims could be construed as a Fifth Amendment Taking claim, Plaintiff also fails to state a plausible claim. *Second*, the Court lacks jurisdiction over claims against the states, courts, and employees named in the Complaint, as well as the alleged failures from the underlying proceedings. *Third*, the remaining allegations against the courts stem from underlying proceedings in the Circuit Court for Howard County and the United States Bankruptcy Court for the Middle District of North Carolina, Greensboro Division. Even if the Court considers those remaining claims under Plaintiff's assertion that the courts are agents of the federal government, the Court still lacks jurisdiction over each. *Finally*, the Court lacks jurisdiction over Plaintiff's copyright claim against the Department of Justice for lack of a valid or attempted copyright.

**I.    This Court Lacks Jurisdiction Over Privacy Act Claims, and Alternatively, Plaintiff Failed to Plausibly State a Takings Claim.**

Plaintiff makes no further reference to a "taking of Private Property for failure to provide [PII] . . . to criminals which is a violation of the Privacy Act," other than referencing it as a jurisdictional ground. *See* Compl. at 1. To the extent this statement is construed as a claim under the Privacy Act, this Court lacks jurisdiction because jurisdiction for such claim rests with the district courts. *See* 5 U.S.C. § 552a(g)(1); *Conner v. United States*, 641 F. App'x 972, 975 (Fed. Cir. 2016) (per curiam); *Treece v. United States*, 96 Fed. Cl. 226, 232 (2010).

To the extent Plaintiff claims a Fifth Amendment Taking, Plaintiff fails to state any facts in support of such a claim. This Court construes any takings claim to be in regard to Plaintiff's real property at issue in the underlying judicial proceedings, wherein the Circuit Court for Howard

County ordered that "the above described Property be sold unless the amount of the Mechanics' Lien herein established . . . is paid by the Defendant . . . ."  Circuit and Bankruptcy Orders at 49.[7]

The Fifth Amendment proscribes the taking of private property "for public use, without just compensation."  *Acceptance Ins. Cos. v. United States*, 583 F.3d 849, 854 (Fed. Cir. 2009) (quoting U.S. CONST. amend. V, cl. 4).  To succeed on a Fifth Amendment Takings claim, Plaintiff must identify a "government action" entitling her to compensation.  *Kalos v. United States*, 368 F. App'x 127, 130–31 (Fed. Cir. 2010) (citing *Huntleigh USA Corp. v. United States*, 525 F.3d 1370, 1381–82 (Fed. Cir. 2008); *Air Pegasus of D.C., Inc. v. United States*, 424 F.3d 1206, 1215–16 (Fed. Cir. 2005)).  In *Kalos*, the United States Court of Appeals for the Federal Circuit addressed a similar claim.  368 F. App'x 127.  There, the Federal Circuit affirmed dismissal of a takings claim, as the property at issue was sold to satisfy liens lodged by a private corporation, not the government, and they therefore "did not involve a 'physical invasion or appropriation' by the government, or a 'government regulation[]' burdening [plaintiff's] property."  *Id.* at 131 (citing *Palmyra Pac. Seafoods, L.L.C. v. United States*, 561 F.3d 1361, 1366–67 (Fed. Cir. 2009); *Belk v. United States*, 858 F.2d 706, 709 (Fed. Cir. 1988)).  Similarly, here the Circuit Court granted a lien to Showcase, a private third party, against Plaintiff's property.  Circuit and Bankruptcy Orders at 49.  Simply put, Plaintiff cannot allege a cognizable taking, where, as here, Plaintiff alleges a private third party—rather than the federal government—appropriated Plaintiff's property.  Plaintiff has therefore not alleged a cognizable taking.

To the extent Plaintiff's takings claim is directed toward the alleged failure of an unstated government entity to provide Plaintiff's PII, she has also failed to state any facts in support of such

---

[7] This seems to be in line with Plaintiff's claims regarding alleged court failures, purported judicial misconduct, and alleged criminal activity to steal her property.  *See* Compl. at 2; Pl. Resp. at 2.

a claim.  The court must determine whether plaintiff has identified "a cognizable Fifth Amendment property interest," and if so, whether that property was "taken."  *Acceptance Ins. Co.*, 583 F.3d at 854 (internal quotation marks omitted).  Courts have recognized a property interest in information—such as trade secrets—that have value.  *See, e.g.*, *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1003–04 (1984); *Block v. United States*, 66 Fed. Cl. 68, 75 (2005).

Plaintiff has provided no facts to allege a compensable property interest in any "banking accounts, financial information, [or] email passwords."  Compl. at 1.  Indeed, Plaintiff has not alleged any facts supporting the contention that she either does not have access to her own information, or that Defendant has denied her access.  Moreover, Plaintiff has not alleged any facts alleging public use of the stated information.  Plaintiff has therefore failed to state a claim upon which relief may be granted on this ground as well.  *See Acceptance Ins. Cos.*, 583 F.3d at 853 (quoting *Twombly*, 550 U.S. at 555) ("[A] court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'").

## II.    This Court Lacks Jurisdiction Over All Named Entities and Other Alleged Proceedings.

Plaintiff's Complaint listed two states and six parties, consisting of a federal bankruptcy court and employee, and state and county entities, officials, or employees.  *See* Compl. at 1. Additionally, some of Plaintiff's claims appear to concern the actions before the Circuit Court and Bankruptcy Court.  *See* Circuit and Bankruptcy Orders at 45–51, 53–56.  Plaintiff's claims, among others, include: (1) the courts failed to identify false claims and affidavits, or to recognize the case was subject to bankruptcy laws; (2) the courts failed to recognize the contract was altered; and (3) the State's Attorney's Office failed to prosecute those allegations.  Compl. at 2.

The Court lacks jurisdiction over claims against a state, its entities, or its employees when "the actions complained of were not taken on behalf of or as agents of the United States."  *Conner*

13

*v. United States*, 407 F. App'x 428, 430 (Fed. Cir. 2011); *see Sherwood*, 312 U.S. at 588; *Curry*, 787 F. App'x at 722–23 (citing *Trevino v. United States*, 557 F. App'x 995, 998 (Fed. Cir. 2014)); *see also Vlahakis v. United States*, 215 Ct. Cl. 1018, 1018 (1978) ("The plaintiff's assertions concerning Illinois state officials and courts are obviously beyond this court's jurisdiction."). The Court therefore lacks jurisdiction over Plaintiff's claims against the states of Maryland and North Carolina, as well as those against the Circuit Court for Howard County, the Clerks of Court for the Circuit Court and the Appellate Court of Maryland, and the Howard County State's Attorney's Office. Further, the Court also lacks jurisdiction over federal bankruptcy court employees. *See Conner*, 407 F. App'x at 429–30 (affirming dismissal for lack of subject matter jurisdiction where plaintiff brought claims against various federal court and agency employees, as well as a state's entities and employees); *see also Joshua*, 17 F.3d at 380. The Court therefore lacks jurisdiction over Plaintiff's claims against United States Bankruptcy Court for the Middle District of North Carolina and its Clerk of Court.

Moreover, the Court expressly lacks jurisdiction to review the decisions of state courts or federal bankruptcy courts. *Jones*, 440 F. App'x at 918 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)) (barring review of plaintiff's state and federal court criminal judgments); *Campbell v. United States*, 932 F.3d at 1340 (quoting *Allustiarte*, 256 F.3d at 1351–52) ("[T]he Claims Court lacked jurisdiction over such an action because it 'would require the court to scrutinize the actions of the bankruptcy trustees and courts' . . . ."). Accordingly, the Court lacks jurisdiction to review alleged failures of the named courts as well.

To evade dismissal, Plaintiff contends that this Court has jurisdiction because the named entities are agents of the United States. Pl. Resp. at 2. Plaintiff has made no such demonstration, only making bare assertions that "[t]he United States is the principal party for 'all' government

14

agencies/entities under the U.S. corporate umbrella." *Id.* (emphasis omitted).  Plaintiff further contends that jurisdiction exists because the United States is the principal party in this case and is listed in the case caption as the party.  Pl. Resp. at 1.  However, simply listing the United States as the defendant in the caption of a Complaint is insufficient to invoke this Court's jurisdiction.  *See Beauvais v. United States*, No. 2024-1353, 2024 WL 2860170, at *1 (Fed. Cir. June 6, 2024) ("Although her complaint lists the United States as the defendant, [plaintiff] only makes allegations about her two prior [private] employers. . . . .  Here, the suit as to these two private companies is plainly beyond the jurisdiction of the Claims Court."); *Cooper v. United States*, 771 F. App'x 997, 1000 (Fed. Cir. 2019) (quoting *Brazos Elec. Power Co-op., Inc. v. United States*, 144 F.3d 784, 787 (Fed. Cir. 1998)) ("Although the complaint names the United States as the sole defendant in the case caption, 'we customarily look to the substance of the pleadings rather than their form' to determine whether jurisdiction exists.").  The Complaint must allege substantive claims against the United States of the type that are within this Court's jurisdiction.  *See Fullard v. United States*, 77 Fed. Cl. 226, 230 (2007).  As Plaintiff failed to do so, this Court lacks jurisdiction over the named defendants.

## III.    This Court Lacks Jurisdiction Over Plaintiff's Remaining Claims.

Plaintiff's remaining claims spring from the alleged judicial and prosecutorial failures noted above.  Specifically, Plaintiff asserts that the judiciary, acting as an agent of the federal government ("United States Corporation," or "corporate umbrella"), is conspiring to enrich the government, acting improperly through either misconduct or bias, depriving Plaintiff of her rights, or failing to uphold a public contract.  *See* Compl. at 2; Pl. Resp. at 2–3; Pl. Sur-Reply at 1–4. Even if the alleged actions of the named defendants could somehow be attributed to the federal government, this Court would still lack jurisdiction over Plaintiff's claims, as described further below.

### A.      Criminal Theft

Plaintiff claims the judiciary violated the Racketeering Influenced and Corrupt Organizations (RICO) Act by aiding and abetting organized criminal activity to steal her property in pursuit of enriching the "United States Corporation."  Pl. Resp. at 2, 3; Compl. at 2; *see* 18 U.S.C. §§ 1961–68.[8]  As this claim alleges a criminal violation, it is outside this Court's jurisdiction. *Jones*, 440 F. App'x at 918 (noting the Court lacks "jurisdiction over criminal matters generally"); *Shumaker v. United States*, No. 23-1286C, 2023 WL 6296603, at *2 (Fed. Cl. Sept. 27, 2023) (quoting *Joshua*, 17 F.3d at 379) (noting the Court lacks jurisdiction over criminal allegations brought "under the federal criminal code").  Even if liberally construed to allege a taking, this Court "cannot entertain a taking claim that requires the court to 'scrutinize the actions of' another tribunal."  *Vereda*, 271 F.3d at 1375 (quoting *Allustiarte*, 256 F.3d at 1352). Accordingly, this Court lacks jurisdiction over Plaintiff's criminal theft claim.

### B.      Judicial Misconduct

Two of Plaintiff's claims involve alleged misconduct by the judges in the underlying proceedings, including: (1) bias and prejudice of judges, abuse of position, failure to follow the Privacy Act and protect bankruptcy property; and (2) judicial misconduct regarding failure to admit evidence.  *See* Compl. at 2; *see also* Pl. Resp. at 2 (alleging "[n]egligence in [e]valuating [e]vidence based on [e]thnicity," and deprivation of rights).

This Court's limited jurisdiction does not encompass claims against federal officials in their individual capacities.  *Sherwood*, 312 U.S. at 588; *Brown*, 105 F.3d at 624.  This Court also lacks

---

[8] *See also* Pl. Resp. at 2 (arguing: (1) Defendant fraudulently and criminally attacked her estate; (2) the United States "agencies" (judiciary) acted under the "corporate umbrella" of Defendant; and (3) Defendant violated RICO by "offering judicial remedies but in turn administer[ing] criminal activities"); Pl. Sur-Reply at 3 (reiterating that Defendant is "overtly" violating Plaintiff's rights by allowing illegal activities by its agencies to enrich itself).

authority to review allegations of misconduct by judges from a different court. *See Aljindi v. United States*, No. 2022-1117, 2022 WL 1464476, at *2–3 (Fed. Cir. May 10, 2022). Accordingly, this Court lacks jurisdiction over Plaintiff's claims of misconduct by the named federal bankruptcy and state courts.

Further, it is axiomatic that this Court lacks jurisdiction over tort claims. *See* 28 U.S.C. § 1491(a)(1); *Shearin*, 992 F.2d at 1197. Plaintiff alleges negligence in the courts' evaluation of evidence based on her ethnicity. Pl. Resp. at 2. Negligence claims sound in tort. *See Gable v. United States*, 106 Fed. Cl. 294, 297–98 (2012). Accordingly, this Court lacks jurisdiction over Plaintiff's tort claims.

As this Court infers that Plaintiff may be asserting claims of discrimination based on her assertion of "Negligence in Evaluating Evidence based on Ethnicity," the Court similarly lacks jurisdiction over such claims. *See* Pl. Resp. at 2 ("Negligence in Evaluating Evidence based on Ethnicity[.]"); *see also* Compl. at 2 ("inability to be fair"); Pl. Resp. at 2 ("failure to receive 'fair and unbiased' rulings" and "Denial of Equal and Unbiased Rights to the People of Color"); Pl. Sur-Reply at 4 ("[T]he United States is not willing to protect **'all'** people . . . .") (emphasis in original). Plaintiff has failed to cite any related money-mandating statute over which this Court has jurisdiction. *See* Compl. at 2; Pl. Sur-Reply at 2 (citing 18 U.S.C. §§ 241, 242; 42 U.S.C. § 1983). First, this Court lacks jurisdiction over the cited provisions of Title 18 because they are criminal statutes. *See Jones*, 440 F. App'x at 918; *Shumaker*, 2023 WL 6296603, at *2. Second, this Court lacks jurisdiction over Plaintiff's Title 42 claim because original jurisdiction rests with the district courts. 28 U.S.C. § 1343(a)(4); *Shelden v. United States*, 742 F. App'x 496, 501 (Fed. Cir. 2018); *Anderson v. United States*, 22 Cl. Ct. 178, 179 n.2 (1990), *aff'd*, 937 F.2d 623 (Fed. Cir. 1991).

Further, this Court lacks jurisdiction over Plaintiff's Privacy Act claim.  Plaintiff lodges a general allegation that Defendant failed to follow laws related to the Privacy Act.  Compl. at 2 (alleging a "failure to follow the laws related to the Privacy Act").  Jurisdiction over Privacy Act claims, however, rest with the district courts.  *See* 5 U.S.C. § 552a(g)(1); *Conner*, 641 F. App'x at 975; *Treece*, 96 Fed. Cl. at 232.

This Court also lacks jurisdiction over Plaintiff's claim of bias for failure to protect her bankruptcy property under 11 U.S.C. § 362.  *See* Compl. at 2.  The referenced statute is not money-mandating, as it simply provides for an automatic stay to review bankruptcy actions.  *See* 11 U.S.C. § 362.  Accordingly, this Court lacks jurisdiction over such a claim.  *See Testan*, 424 U.S. at 400.  Further, as noted, this Court lacks jurisdiction to review court-approved bankruptcy actions.  *See Allustiarte*, 256 F.3d at 1352; *see also Blodgett v. United States*, 792 F. App'x 921, 925 (Fed. Cir. 2019) (affirming dismissal of bankruptcy-related claims, including 11 U.S.C. § 362, "because district courts . . . have 'original and exclusive jurisdiction of all cases under title 11'").

## C.    Deprivation of Rights

Plaintiff asserts that she has been "deprived [of] her rights under the Color of Law."  Compl. at 2 (citing 5 U.S.C. § 552a; 11 U.S.C. § 362; 18 U.S.C. §§ 241–42, 371; 28 U.S.C. § 144); *see* Pl. Sur-Reply at 2 (citing 42 U.S.C. § 1983).  This Court lacks jurisdiction over Plaintiff's claims brought pursuant to Title 18.  *See Jones*, 440 F. App'x at 918.  This Court also lacks jurisdiction over Plaintiff's claims brought pursuant to the Privacy Act, Section 362, and Section 1983.  *See Blodgett*, 792 F. App'x at 925; *Shelden*, 742 F. App'x at 501; *Conner*, 641 F. App'x at 975.  Further, this Court lacks jurisdiction over claims brought under 28 U.S.C. § 144 as that statute is not money-mandating in nature.  *See Jones v. United States*, 655 F. App'x 839, 840, 842 (Fed. Cir. 2016) (per

curiam) (affirming dismissal of claims of unspecified conspiracies related to 28 U.S.C. § 144). Accordingly, this Court lacks jurisdiction over Plaintiff's deprivation of rights claims.

### D.      Sovereign Citizenship[9]

Plaintiff appears to claim that the Circuit Court lacked jurisdiction over "Lisa: Richardson-Henderson, a Non-U.S. Citizen an '**American National**.'"[10]  Pl. Resp. at 2 (emphasis in original); *see generally* Estate Notice 11–29.  This contention appears to be an assertion that a sovereign citizen should have "rights not to be compelled to perform under any contract or commercial agreement that [they] did not enter knowingly, voluntarily and intentionally."  Affidavit at 66. While not explicitly stated, Plaintiff did provide documentation in support of a claim of sovereign citizenship.  *See generally id.* at 66–70.  This Court therefore addresses this claim.

This Court lacks jurisdiction over sovereign citizen claims, generally.  *See Walby*, 957 F.3d at 1297, 1302; *Potter*, 161 Fed. Cl. at 29.  Although difficult to discern, Plaintiff's sovereign citizen claim may also be based on claims of redemption for funds held in a trust account.  *See* Estate Notice at 7–8, 24.  Plaintiff refers to "the Fictitious Legal Entity that was created by the Government/Parents and is represented by LISA RICHARD HENDERSON TRUST."  *Id.* at 24; *see also id.* at 27.  Additionally, on October 4, 2023, Plaintiff sought to "secure the rights, title(s),

---

[9] Although Plaintiff does not use the term "sovereign citizen," this Court construes her claims as rooted in that theory, as the claims and documents mirror those that have previously been brought and dismissed before the Court of Federal Claims and the United States Court of Appeals for the Federal Circuit.  *See, e.g.*, *Walby*, 957 F.3d at 1297, 1302 (affirming dismissal of plaintiff's claim that she was a sovereign citizen—i.e., not a United States citizen, but a "nonresident alien"—not subject to income taxes); *Potter*, 161 Fed. Cl. at 24, 28–29.

[10] This claim is stated within Plaintiff's list of factors upon which she claims jurisdiction before this Court.  This Court therefore concludes that Plaintiff does not mean *this* Court lacks jurisdiction, and further that Plaintiff is not referring to the bankruptcy court of which she availed herself.  *See* Circuit and Bankruptcy Orders at 53.

interest and value . . . as well as all property held in trust" from the LISA RICHARDSON HENDERSON TRUST.  *Id.* at 7–8.

However, the Court of Federal Claims has consistently held that it lacks jurisdiction over sovereign citizen claims of redemption.  *See, e.g., Potter*, 161 Fed. Cl. at 28–29 (holding that the Court of Federal Claims does not have jurisdiction over sovereign citizen claims where a plaintiff seeks to "redeem the funds held by the United States in . . . trust accounts").[11]  Accordingly, this Court lacks jurisdiction over any of Plaintiff's claims related to sovereign citizenship.

### E.      Breach of Contract

In her response, Plaintiff contends that this Court has jurisdiction based on claims of contract fraud and breach of contract.  Pl. Resp. at 2.  First, these claims appear to pertain to the contract dispute between Plaintiff and Showcase, a private party.  *See id.* (referring to "the contract dispute that was negligently botched by the United States in Maryland or North Carolina").  It is well-established that this Court has jurisdiction over any suit against the United States for money damages "founded . . . upon any express or implied contract with the United States."  28 U.S.C. § 1491(a)(1).  This Court's jurisdiction, however, does not extend to claims related to contracts between private parties.  *Moody v. United States*, 931 F.3d 1136, 1140 (Fed. Cir. 2019) (citing *Cienega Gardens v. United States*, 194 F.3d 1231, 1239 (Fed. Cir. 1998)); *see also Cienega Gardens*, 194 F.3d at 1239 (internal citation omitted) ("We have stated that '[t]o maintain a cause of action pursuant to the Tucker Act that is based on a contract, the contract must be between the

---

[11] *See also Wood v. United States*, 161 Fed. Cl. 30, 35 (2022); *Ammon v. United States*, 142 Fed. Cl. 210, 214–15, 221–22 (2019); *Mahoney v. United States*, 129 Fed. Cl. 589, 591 n.2, 593 (2016); *Harris v. United States*, 113 Fed. Cl. 290, 293–94 (2013); *Rivera v. United States*, 105 Fed. Cl. 644, 646–47, 651 (2012); *Gravatt v. United States*, 100 Fed. Cl. 279, 283, 288–89 (2011).

plaintiff and the government ….").  This Court therefore lacks jurisdiction over Plaintiff's breach of contract claim against Showcase.

Later, in her Sur-Reply, Plaintiff asserts that the United States has a contract with its citizens to uphold the Constitution, and that it is in breach of that contract by ignoring deprivation of rights, discrimination, and federal conspiracy violations.  Pl. Sur-Reply at 3–4.  Plaintiff did not provide any evidence indicating that the United States entered into a contract with her.  *See City of El Centro*, 922 F.2d at 820.  Even considering such an argument, advanced via Sur-Reply, Plaintiff's mere reliance on the Constitution as a contract is insufficient to confer jurisdiction on this Court.  *See Clawson*, 24 Cl. Ct. at 370; *Taylor*, 113 Fed. Cl. at 173.  Accordingly, this Court lacks jurisdiction over Plaintiff's breach of contract claims.

### F.      Constitutional Claims

Plaintiff makes multiple claims regarding Defendant's — i.e., the judiciary's — purported denial of fairness and equal rights.  *See* Compl. at 2; Pl. Resp. at 2; Pl. Sur-Reply at 4; *see also supra* Section III(B).  This Court construes these claims as asserting violations of the Equal Protection Clause of the Fourteenth Amendment, and the Due Process Clauses of the Fifth and Fourteenth Amendments.

It is well-settled that the Due Process Clauses of the Fifth and Fourteenth Amendments are not money-mandating, and that such claims fall outside this Court's jurisdiction.  *See Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013).  It is also well-settled that the Equal Protection Clause of the Fourteenth Amendment is not money-mandating and therefore cannot confer jurisdiction.  *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (citing *Carruth v. United States*, 627 F.2d 1068, 1081 (Ct. Cl. 1980)); *Nelson v. United States*, 817 F. App'x 949, 952

(Fed. Cir. 2020).  Accordingly, this Court lacks jurisdiction over any of Plaintiff's construed constitutional claims.

IV.     **This Court Lacks Jurisdiction Over Plaintiff's Copyright Claim.  Alternatively, Plaintiff Failed to Plausibly State a Copyright Claim.**

Plaintiff requests monetary penalties for the alleged improper use of "a name, not related to this case, that has a Common Law Copyright Copy: Claim," as well as the directed removal of that name.  Pl. Resp. at 3; *see* Copyright Notice at 73–74.  Like many of Plaintiff's other contentions, such a claim is not properly before the Court because it was first raised in Plaintiff's Response.  *Kimble v. United States*, 991 F.3d 1238, 1244 (Fed. Cir. 2021).  Even if considered, however, this Court lacks jurisdiction over the claim.

The Court construes the claim as alleging the improper use by the United States of the names "LISA RICHARDSON HENDERSON TRUST[,] LISA RICHARDSON HENDERSON[,] or any derivatives thereof."  Copyright Notice at 73.  Due to Plaintiff's *pro se* status, the Court therefore liberally construes Plaintiff's claim to be one for copyright infringement.  28 U.S.C. § 1498(b).  The Court of Federal Claims has dismissed copyright infringement claims for lack of jurisdiction where plaintiff did not allege that it registered for or had been denied a copyright.  *See Dell v. United States*, No. 20-500C, 2020 WL 4876247, at *2 (Fed. Cl. Aug. 20, 2020) (citing *Jennette v. United States*, 77 Fed. Cl. 126, 131 (2007)).  While Plaintiff provides a UCC Financing Statement and "Common Law Copyright Notice," *see* Estate Notice at 7–10, there is no indication that proper notice was filed with the Copyright Office.  *See* 17 U.S.C. §§ 408(a), 409.  As Plaintiff has failed to allege any facts demonstrating the existence of, or attempt to register, a valid copyright, this Court lacks jurisdiction over her copyright claim.  *See Jennette*, 77 Fed. Cl. at 132.

The Court of Federal Claims has also dismissed similar claims for failure to state a claim pursuant to Rule 12(b)(6) where Plaintiff did not, and could not, plead the plausible existence of a

copyright.  *See Harris v. United States*, No. 23-510, 2023 WL 4842350, at *3 n.4 (Fed. Cl. July 28, 2023), *aff'd*, No. 2024-1007, 2024 WL 1069290 (Fed. Cir. Mar. 12, 2024) (per curiam) ("Aside from attaching a[] Common Law Copyright notice for the 'trade-name/trademark, [name and all derivatives],' [plaintiff's] complaint fails to state an infringement claim against the United States."); *see also Huges v. United States*, No. 23-1655, 2023 WL 8805692, at *1 (Fed. Cl. Dec. 20, 2023) ("Agents intentionally use copyright properties MELVIN HUGHES, BANDELE TRUST MELVIN LOUIS HUGES in [the case] and refused to use my legal name and address huges, melvin louis last 4 of ss# [****] . . . ."); *Miles v. United States*, Nos. 14–416C, 14–417C, 14–418C, 14–419C & 14–420C, 2014 WL 5020574, at *4 (Fed. Cl. Oct. 6, 2014) (internal citations omitted) ("The 'Common Law Copyright Notice' he apparently created is patently insufficient to support . . . 'a nonfrivolous allegation that [he] is within the class of plaintiffs entitled to recover under the money-mandating source' of law alleged . . . .").  Plaintiff's claim must therefore also be dismissed pursuant to Rule 12(b)(6) because it fails to state a claim upon which relief can be granted.  Indeed, Plaintiff's Complaint does not plausibly allege a valid copyright; instead, she only included a Common Law Copyright notice, and simply claimed Defendant Counsel used the allegedly copyrighted name in its briefing.  *See* Copyright Notice at 73–74; Pl. Resp. at 3; *see also Harris*, 2024 WL 1069290, at *2 ("We also see  no error in the Court of Federal Claims' dismissal of any claim that was based on 28 U.S.C. § 1498(b) [because] the court correctly noted that, although the complaint mentioned this statutory provision (and another regarding related damages), it never alleged that the government infringed a copyright."); *see also Miles*, 2014 WL 5020574, at *3 n.6, 4; *see also El Bey v. United States*, 152 Fed. Cl. 773, 775–77 (2021) (dismissing a claim pursuant to Rule 12(b)(6) where plaintiff vaguely alleged infringement of a copyright—

claimed only with a reference number and UCC Filing number—by the Postal Service for "display[ing] the copyright without consent").

## <u>CONCLUSION</u>

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 10) is **GRANTED** pursuant to Rules 12(b)(1), 12(h)(3), and 12(b)(6), and Plaintiff's Complaint (ECF No. 1) is **DISMISSED** without leave to replead.  The Clerk of Court is **DIRECTED** to enter Judgment accordingly.

IT IS SO ORDERED.



_Eleni M. Roumel_
ELENI M. ROUMEL
Judge

August 6, 2024
Washington, D.C.

24